# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Case No. 1:16CR00001-009 |
| v. | ) OPINION |
| | ) |
| FRANKLIN DEE ROSE, | ) By: James P. Jones |
| | ) United States District Judge |
| Defendant. | ) |

*Zachary T. Lee, Assistant United States Attorney, Abingdon, Virginia, for United States; Franklin Dee Rose, Pro Se Defendant.*

The defendant, Franklin Dee Rose, proceeding pro se, has filed a motion seeking relief under 28 U.S.C. § 2255. The United States has filed a motion to dismiss, to which the movant has responded. For the reasons stated, I will grant the motion to dismiss and dismiss the § 2255 motion.

I.

After pleading guilty to Count One of the Indictment, Rose was sentenced by this court on August 30, 2016, to a total term of 169 months imprisonment, followed by three years of supervised release. Count One charged Rose with conspiring to possess with intent to distribute a mixture or substance containing methamphetamine, in violation of 21 U.S.C. §§ 841(b)(1)(A), 841(b)(1)(B), 843, and 846. In his Plea Agreement, Rose waived his right to collaterally attack the

judgment and sentence handed down by the court. Rose did not appeal his sentence or his conviction.

In his § 2255 motion, Rose states three claims for relief. Rose contends that counsel provided him with ineffective assistance by: (1) mishandling his presentence report by leading him to believe his sentencing guidelines would be lower, by not giving him a chance to object to his presentence report, and by not being present; and (2) not representing him to the best of his abilities, by leading him to believe that his sentencing guidelines would be lower and by not having all the facts. Mot. to Vacate 5-6, ECF No. 482. Rose also contends that his sentencing guidelines should have been lower based on his criminal history. *Id*. at 7.

II.

To state a viable claim for relief under § 2255, a defendant must prove: (1) that his sentence was "imposed in violation of the Constitution or laws of the United States"; (2) that "the court was without jurisdiction to impose such sentence"; or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The movant bears the burden of proving grounds for a collateral attack by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958).

Criminal defendants have a Sixth Amendment right to effective legal assistance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Ineffective assistance claims, however, are not lightly granted; "[t]he benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." *Id.* at 686. To that end, a defendant must satisfy a two-prong analysis showing both that counsel's performance fell below an objective standard of reasonableness and that the defendant was prejudiced by counsel's alleged deficient performance. *Id.* at 687. When considering the reasonableness prong of *Strickland*, courts apply a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689; *Gray v. Branker,* 529 F.3d 220, 228-29 (4th Cir. 2008).

Counsel's performance is judged "on the facts of the particular case," and assessed "from counsel's perspective at the time." *Strickland*, 466 U.S. at 689, 690. To satisfy the prejudice prong of *Strickland*, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional error, the outcome of the proceeding would have been different. *Id.* at 694. When a defendant pleads guilty, he must show that there is a reasonable probability that, but for counsel's errors, he would have gone to trial instead. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). The inquiry is objective — a defendant "must convince the court that a

decision to reject the plea bargain would have been rational under the circumstances." *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010). If a defendant fails to meet the burden of proving prejudice, the reviewing court need not even consider the performance prong. *Fields v. Att'y Gen. of Md.*, 956 F.2d 1290, 1297 (4th Cir. 1992).

III.

Rose's claims of ineffective assistance of counsel do not satisfy the performance and prejudice prongs of *Strickland*. Rose claims that his presentence report was "mishandled" by counsel, because his sentencing guidelines were higher than initially anticipated, because he was not allowed to object to the report, and because his counsel "was never present." Mot. to Vacate 5, ECF No. 482. The inaccurate estimate of Rose's sentence provided by his counsel does not give Rose a claim of ineffective assistance. "A miscalculation or erroneous sentence estimation by defense counsel is not a constitutionally deficient performance rising to the level of ineffective assistance of counsel." *United States v. Gordon*, 4 F.3d 1567, 1570 (10th Cir. 1993). Additionally, since Rose was informed by the trial court of the potential maximum sentence, he could not be prejudiced by any misinformation provided by his counsel. *United States v. Foster*, 68 F.3d 86, 88 (4th Cir. 1995). During his plea hearing, the court informed Rose that he faced a maximum sentence of 20 years imprisonment. Plea Hr'g Tr. 7, ECF No. 491.

Rose made several additional claims about his counsel's performance, each of which is contradicted by the record. During his sentencing hearing, Rose was asked if he and his counsel had read and discussed the presentence report, and Rose responded that they had. Sentencing Hr'g Tr. 2, ECF No. 492. Later in the hearing, when Rose was asked if he had anything to say before the sentence was handed down, Rose declined to offer any further comments. *Id.* at 10. When Rose entered his guilty plea, he was asked if he was fully satisfied with his counsel's representation, and Rose answered that he was. Plea Hr'g Tr. 6, ECF No. 491. Rose also stated that he had adequate time to discuss the Plea Agreement with counsel. *Id.* Absent extraordinary circumstances, "allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always palpably incredible and patently frivolous or false." *United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005) (internal quotation marks omitted). Rose does not offer any evidence to show that the sworn statements he gave during his Rule 11 colloquy were false.

Rose also claims that he would have gone to trial rather than pleading guilty if he had known that the sentencing guidelines given to him by his counsel were inaccurate. However, Rose does not offer any evidence to show that this is the case. Rose indicated during his plea hearing that he was aware that the guidelines were not binding on the court, and that the court had the ability to impose a

sentence that was more severe than the sentence recommended by the guidelines. Rose does not offer any evidence that his sworn statements should not be accepted as truthful.

Finally, Rose's third claim, that his sentencing guidelines should have been lower based on his criminal history, has been waived. In his Plea Agreement, Rose acknowledged that he had waived his right to collaterally attack any order issued in his case not connected to ineffective assistance of counsel. Plea Agreement 9, ECF No. 258. During his plea hearing, Rose again indicated that he understood he was waiving his right to collaterally attack the judgment and sentence that the court would impose. Plea Hr'g Tr. 10, ECF No. 491. When Rose signed his Plea Agreement, he waived the ability to challenge his sentence on these grounds.

IV.

For these reasons, the United States' motion to dismiss will be granted and the § 2255 motion will be dismissed. A separate final order will be entered herewith.

DATED: June 7, 2019

/s/ James P. Jones
United States District Judge